# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NANCY HART, an individual, and   (
SCOTT HART, her husband,   (
  (
    Plaintiffs,   (
  (
    v.   (
  (
DANIEL PARKER, an individual,   (     C.A. No. N19C-01-087 CLS
THE ESTATE OF DANIEL   (
PARKER deceased, DANIEL   (
PARKER SR, MICHAEL   (
PARKER, LINDA WOTHERS,   (
jointly, severally and/or in the   (
alternative,   (
  (
    Defendants.   (

## ORDER

*Upon Defendants Daniel Parker Sr., Michael Parker, and Linda Wothers's Motion to Dismiss*
**Granted.**

Date Submitted: July 23, 2019
Date Decided: October 29, 2019

Melissa L. Rhoads, Tighe & Cottrell, PA, Wilmington, Delaware, Attorney for Plaintiffs.

Lisa M. Grubb, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, Attorney for Defendants.

**SCOTT, J.**

1

Before the Court is a Motion to Dismiss from Defendants Daniel Parker Sr., Michael Parker, and Linda Wothers ("Defendants"). For the following reasons, Defendants' motion to dismiss is GRANTED.

## Background

Plaintiffs Nancy Hart and Scott Hart ("Plaintiffs") filed a complaint on January 10, 2019 alleging negligence against Daniel Parker and the other defendants. Plaintiffs' claims arise out of a car accident that occurred on January 13, 2017 between Daniel Parker and Nancy Hart. Plaintiffs allege Daniel Parker's actions caused injuries to Plaintiffs. Plaintiffs allege that Defendants were negligent in supervising and monitoring Daniel Parker.

## Parties' Assertions

On May 23, 2019, Defendants filed a Motion to Dismiss in Lieu of Answer. Defendants argue that Plaintiffs failed to state a claim upon which relief can be granted pursuant to Superior Court Civil Procedure Rule 12(b)(6). Defendants argue that Plaintiffs failed to allege that Defendants were involved in the January 13th car accident or owned the motor vehicle driven by Daniel Parker. Defendants further argue that they owed no duty to Plaintiffs.

On June 26, 2019, Plaintiffs filed their Response to Defendants' Motion to Dismiss. Plaintiffs point out that the Uniform Collison Report shows that Mr. Parker was lost at the time of the accident, could not remember what happened in the

accident, was the subject of a Missing Person's report, and possibly had dementia.[1] From these facts, Plaintiffs argue, it is fair and reasonable to infer that Defendants negligently failed to ensure that Mr. Parker did not leave a place of supervision without a helper or was otherwise alone in the vehicle. Plaintiffs argue that Defendants' duty stems from the *Restatement (Second) of Torts* §§ 319 and 324A and not only by virtue of the parent-child relationship.

On July 1, 2019, Defendants filed their Rebuttal to Plaintiffs' Response. Defendants argue that *Restatement (Second) of Torts* §§ 319 and 324 are inapplicable to the instant case and have never been applied to make children responsible for the actions of their parent/step-parent. Defendants further argue that both §§ 319 and 324 require that the tortfeasor "take charge" of another; Plaintiffs failed to allege that Defendants took charge of Mr. Parker.

## Standard of Review

This Court's standard of review on a motion to dismiss is well-settled. The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.[2] The motion will be denied when the plaintiff can prove any facts entitling him to relief.[3]

---

[1] Compl. Ex. A.
[2] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1989).
[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); *Suit v. American Sleep Medicine, Inc.*, 2011 WL 4688730, at *1 (Del. Super. Sept. 28, 2011).

## Discussion

*Restatement (Second) of Torts* § 319 states:

> One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.[4]

According to Comment (a) to § 319, it applies in two situations: 1) when the actor has charge of one or more classes of persons to whom the tendency to act injuriously is normal; and 2) when the actor has charge of a third person who does not belong to such a class but who has a peculiar tendency so to act of which the actor from personal experience or otherwise knows or should know.[5] Section 319 applies when an actor "takes charge" of another.

*Restatement (Second) of Torts* § 324A states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.[6]

---

[4] Restatement (Second) of Torts § 319 (Am. Law Inst. 1965).
[5] *Id.*
[6] *Id.* § 324A.

4

Section 324A applies when an actor undertakes to render services for Person A which the actor should recognize as necessary to protect Person B. For example, if Electric Company (Person A) fixes a broken light for Grocery Store but leaves the fixture insufficiently attached so that it falls on Customer (Person B), then Electric Company is liable to Customer.[7] Section 324A applies when an actor "undertakes" to render services for another.

Plaintiffs failed to properly plead a claim for negligence against Defendants.[8] Plaintiffs' complaint does not establish how Defendants undertook to care for Mr. Parker or took charge of Mr. Parker. Indeed, Plaintiffs' complaint does not even establish the familial relationship between Defendants and Mr. Parker. Instead, Plaintiffs merely name each Defendant individually and use the same nine paragraphs to say that each Defendant breached a duty by failing to "supervise and monitor" Mr. Parker. This Court has never recognized a general duty of a child to care for his or her aging parent. Therefore, because Plaintiffs have failed to allege how Defendants undertook to care for or took charge of Mr. Parker, Plaintiffs have failed to show how Defendants owed a duty to Plaintiffs.

---

[7] *Id.* (Illustration 1).

[8] Super. Ct. Civ. R. 9(b); *see Doe 30's Mother v. Bradley*, 58 A.3d 429, 443 (Del. Super. 2012) (noting that the plaintiff usually is only required to allege facts out of which a duty is implied).

## Conclusion

Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**